ROBERT SCHRAFFT AND FREDERICK H. DE BOW, EXECUTORS OF THE LAST WILL AND TESTAMENT OF FREDERICK R. WOLTERS, DECEASED, v. FIDELITY TRUST COMPANY.

Argued November 3, 1904—Decided November 13, 1905.

Two counts of a declaration in an action for deceit set up that the defendant, for the purpose of inducing the plaintiff to sell all his stock in a gas company at $155 per share, falsely represented to plaintiff that defendant was desirous of purchasing all the outstanding stock of the gas company, and that it would pay to the plaintiff any difference between $155 per share and the highest price it should pay for any other stock of the said company. The counts then state that the defendant, at the time it made this representation, was not desirous of purchasing all the outstanding stock of the gas company, but was desirous of purchasing only such stock as it could purchase by contracts similar to the one made with plaintiff, and such stock as it could buy at the same or

less price, and was desirous of purchasing, as trustee, all those shares for which the holders received a price higher than $155 each. The counts then state that defendant had bought shares as trustee, paying more than $155 a share. *Held*, that the counts stated no cause of action for deceit.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *Samuel W. Beldon* and *Chandler W. Riker*.

For the plaintiff, *William J. Kearns*.

The opinion of the court was delivered by

REED, J. The first count in the declaration sets out that Frederick R. Wolters, in his lifetime, was the owner of one hundred and sixty-five shares of the stock of the Newark Gas Company, which the defendant requested Wolters to sell to it; that Wolters told them he was unacquainted with the value of the shares, but that he would sell them for their value when the same could be ascertained and agreed upon between him and the defendant. It sets out that the defendant, knowing that Wolters was unacquainted with the value of the shares, fraudulently represented to Wolters that the defendant was desirous of purchasing all of the outstanding stock of the said Newark Gas Company and that if Wolters would assign his stock to the defendant for the sum of $155 a share the defendant would enter into a contract with Wolters and would covenant, in case any of the outstanding stock of the Newark Gas Company should cost the defendant any more than $155 per share, that the defendant would at once pay to the said Wolters or his representatives such sum of money as would represent the difference between the price so paid and $155 a share. The *narr.* further sets out that in consequence of such representation the said Wolters, believing that the defendant was desirous

of purchasing all of the outstanding shares of capital stock of the Newark Gas Company, and that he would receive the highest price paid for any of the other outstanding shares, afterwards entered into an agreement for the purpose aforesaid, and the stock of Wolters was delivered to the defendant. The *narr.* then sets out that the defendant was not at the time of making such representation desirous of purchasing the other outstanding stock of the Newark Gas Company in the manner and form and under the terms set forth in the preamble of the said contract; but, on the contrary, the said defendant, before and at the time of the said false representations, was preparing to acquire the said outstanding stock in a manner other than that set forth in the preamble of the contract, as defendant well knew; that the intent of said agreement and covenants was not that Wolters should receive for his shares a sum equal to the highest price to be paid by the defendant for any other of the outstanding shares, but, as the defendant knew, the intent was to enable the defendant to defraud Wolters by binding him to a covenant which in no way interfered with the fraudulent designs of the defendant. The count then sets out that in the execution of said fraudulent designs the defendant acquired, either in its own right or as trustee, all of the capital stock of the said gas company except two hundred shares, and for the purpose of defrauding Wolters, by means of the agreement into which Wolters had been fraudulently induced to enter by the false representations of the defendant, the defendant acquired in its own right the shares of those stockholders who it was willing to trust to an agreement similar to the one which Wolters had been induced to enter into, or were willing to sell at the same or less price than that set forth in the said agreement, and acquired in trust the shares of those stockholders who knew the value of the shares and would not sell without having received therefor full consideration; that the defendant bought, as trustee, seven hundred and twenty shares from Zabriskie and fifty shares from Fleming; that Zabriskie received $308 a share and Fleming $305 a share. This count further

states that Wolters, by the means set forth, lost the value of the shares over and above the sum of $155 a share.

The second count sets out the same representations as those contained in the first count; the same contract and the delivery of the stock. It then charges that the defendant was not desirous of purchasing all the outstanding stock of the Newark Gas Company, but was desirous only of purchasing such stock as it could by like false representations and pretences, and such stock as it could purchase at the same or less price; and it was desirous of acquiring, as trustee, all those shares of stock for which the holders received a higher price than that paid by the defendant to the plaintiff. It then sets out a purchase by the defendant, as trustee, at a higher price.

The first count differs from the second count in that it sets out a desire of the defendant to acquire, as trustee or in exchange for other securities, all those shares for which the holders received a price higher than $155 a share.

The third count is substantially the same as the second. There is a demurrer to each of the three counts.

The first count is defective in that it does not charge with certainty what the false intention of the defendant was. It charges that the defendant was not desirous of purchasing the other outstanding stock in the manner and form and in the terms set forth in the preamble of the said contract under its seal as aforesaid; but, on the contrary, was preparing to acquire such stock in a manner other than that set forth in the preamble of the craftily-worded contract.

There is no contract set out in, attached to or made a part of the declaration by reference thereto in the declaration. What is meant by the preamble to the contract does not appear. For this reason alone there must be judgment for the defendant upon the demurrer to the first count.

The second and third counts first charge that the defendant, for the purpose of inducing the plaintiff to sell his block of gas stock at a certain price, represented that it was desirous of purchasing all the outstanding stock of the Newark Gas Company, and that it would pay the plaintiff a price

equal to the highest price which the defendant should pay
for any other of the said stock. The counts then charge that
the defendant was not desirous of purchasing all the out-
standing stock of the Newark Gas Company, but was de-
sirous only of purchasing such stock as it could purchase by
contracts similar to that made with the plaintiff, and such
stock as it could buy at the same or less price, and was de-
sirous of purchasing, as trustee, all those shares of stock for
which the holders received a higher price.

The counts then charge that the defendant did not buy
for itself all the outstanding shares of stock, but bought
only such as it could buy for the same or less sum than that
paid to the plaintiff, and bought not for itself, but as trustee,
such stock as cost more than the price paid to the plaintiff.

If it be assumed that the representations so charged stated
a condition of mind in the defendant equivalent to an in-
tention to purchase all the stock, the question would arise
whether the falsity of that statement, followed by a failure
of the defendant to carry out that intention, to the injury of
the plaintiff, lays a foundation for an action of deceit.

It seems to be settled that the false statement of an in-
tention may constitute a fraud for which the courts will
grant relief. It is true that Mr. Kerr observes: "As distin-
guished from the false representation of a fact, the false
representation as to a matter of intention, not amounting to
a fact, though it may have influenced the transaction, is not
a fraud at law; nor does it afford a ground for relief in
equity." *Kerr Fr.* 88.

On the other hand, Mr. Bigelow says: "That to profess
an intent to do or not to do, when a party intends the con-
trary, is as clear a case of misrepresentation and of fraud
as could be made." *Big. Fraud* 484.

The cases cited by Mr. Kerr in support of his text, when
analyzed, do not support his observation.

The latest case of which I am aware in the English courts
is that of *Edgington* v. *Fitz Maurice,* 29 *Ch. Div.* 459. This
was an action to recover money paid through the influence

of a misrepresentation through a prospectus issued by the directors stating that the object of the company was to spend the money raised for certain purposes, when in fact the purposes stated were not the real purposes. The Court of Appeals held that the misstatement of the intention of the defendant was a misstatement of fact, and the plaintiff was permitted to recover the money paid through the influence of the misrepresentation.

Then there is a line of cases holding that if one purchases property on credit, with an intention never to pay for it, he is guilty of fraud.

In none of these cases, however, with one exception, did the question arise in an action for deceit. They were all cases resting upon the right to rescind, and to recover the money paid and property delivered on the faith of the false representation of intention.

In a note to Pollock on Torts (p. 242), it is said that whether an action for deceit would lie for such a false representation of intent, is a speculative question. The exceptional case to which I have alluded is Swift v. Rounds, 19 R. I. 527, in which it was held that an action for deceit for a false statement of intention to pay for goods sold on credit would lie.

A further discussion, however, of what would have been the situation had the plaintiff set out a representation by the defendant that it intended to purchase all the stock of the gas company, and that it would pay as much to the plaintiff as it was compelled to pay to any other stockholder, and had then charged that the defendant had no intention when its declaration was made to purchase all the stock and had purchased parts of it as trustee at a higher price, would be profitless. Such discussion is out of place, because the representation stated in the counts falls short of that just indicated.

The statement that the defendant was desirous of purchasing all the stock does not amount to a statement that the defendant intended to buy all the stock.

Nor does the statement of a desire to buy all the stock, when coupled with a promise to pay to plaintiff any excess over $155 a share which it should pay any other stockholder, signify that the defendant intended to buy all the stock of the gas company.

The statement only indicated that the desire of the defendant to purchase was such as might lead it to purchase at a price greater than that paid to the plaintiff. If the defendant had bought for itself at a price higher than $155 a share, the contingent promise would have become an absolute promise by the happening of the contingency. Nevertheless, the defendant was not bound to buy such outstanding stock at any price which might be asked for it—nor, indeed, was it bound to buy at all.

The pleader's view of the scope of the representation is shown by his allegation of its falsity. The counts do not merely assert that the representation was false, but state in what way it was false. The pleader does not content himself with an assertion that the defendant was not desirous of purchasing all the stock, but sets out what its desire really was. He says it was to buy either by contracts similar to the contract made with the plaintiff, and to buy as trustee whenever it could not buy for itself at $155 or less per share.

It seems entirely clear that a subsequent contract to pay another stockholder the same amount as it had agreed to pay plaintiff would not be a violation of the alleged expressed intention to buy all the stock. If, therefore, the intention to do this existed at the time the representation was made, it did not exhibit any falsity in the representation, even if the representation was of an intention to buy all the stock.

But, as already observed, the expression was not so comprehensive. It did not state an intention to buy stock at any price, however great, necessary to obtain it. If the price asked was in excess of what the defendant was willing to pay, there was no representation that it would buy for itself. It follows, therefore, that there was nothing in the representation which destroyed the ability of the defendant, as

agent or trustee, to buy for another purchaser who was willing to pay the excessive price.

If, therefore, the defendant represented that it was desirous of buying all the gas-stock, and if its real intention was that set out in these counts, nevertheless the pleader exhibits no legal injury to the plaintiff resulting from defendant's conduct as charged in the second and third counts.

There should be judgment for the defendant upon each demurrer.